IN THE UNITED STATES DISTRICT COURT

FOR THE DISTRICT OF DELAWARE

| | |
|---|---|
| AMIR FATIR,<br>a/k/a Sterling Hobbs,<br><br>Petitioner,<br><br>v.<br><br>WALTER REDMAN, Superintendent,<br>ATTORNEY GENERAL OF THE STATE<br>OF DELAWARE,<br><br>Respondents. | :<br>:<br>:<br>:<br>:<br>: Civ. A. No. 80-440-CFC[1]<br>:<br>:<br>:<br>:<br>:<br>: |

## MEMORANDUM

### I. BACKGROUND

In 1976, a Delaware Superior Court jury convicted Petitioner Amir Fatir ("Petitioner") and his three co-defendants of first degree murder, first degree robbery, second degree conspiracy; the jury also convicted Petitioner of possession of a deadly weapon during the commission of a felony ("PDWCF"). *See Fatir v. Thomas*, 106 F.Supp.2d 572, 575 (D. Del. 2000). Petitioner was sentenced to death on his murder conviction under Delaware's former mandatory death sentence statute. *Id.*; *see also Hobbs v. State*, 538 A.2d 723 (Del. 1988). Petitioner appealed. In 1980, the Delaware Supreme Court affirmed Petitioner's convictions, but noted that resentencing would be necessary for the first degree murder conviction in accordance with the decision in *State v. Spence*, 367 A.2d 983 (Del. 1976). *Id.* at 576. On remand, the Superior Court

---

[1]This case was reassigned to the undersigned's docket on December 12, 2018.

vacated the death sentence and re-sentenced Petitioner to life in prison without parole for his murder conviction. See Hooks v. State, 429 A.2d 1312, 1313 (Del. 1981). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. Id. at 1314.

It appears that Petitioner filed his first § 2254 petition in 1980. See Fatir, 106 F.Supp.2d at 576 n.4. The Honorable Murray M. Schwartz denied the petition, rejecting some claims as unexhausted and others as meritless. See Abubake v. Redman, 521 F. Supp. 963 (D. Del. 1981), vacated by Abubake a/k/a Golson v. Redman, 696 F.2d 980 (3d Cir. 1982). The Third Circuit Court of Appeals vacated that judgment, ruling that the petition was a "mixed petition" requiring dismissal without prejudice under Rose v. Lundy, 455 U.S. 509 (1982). See Fatir, 106 F. Supp. 2d at 577; see also Abubake, 696 F.2d 980. The case was remanded with instructions to dismiss the petition to allow Petitioner to either exhaust unexhausted claims or delete them. (D.I. 1 at 3)

In 1983, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. See Fatir, 106 F. Supp. 2d at 577. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that judgment. Id. Thereafter, Petitioner made several unsuccessful attempts to have his sentence commuted. Id.

In 1997, Petitioner filed a federal habeas petition challenging his 1976 convictions for first degree murder, first degree robbery, conspiracy in the second degree, and possession of a deadly weapon during the commission of a felony. See

vacated the death sentence and re-sentenced Petitioner to life in prison without parole for his murder conviction. See Hooks v. State, 429 A.2d 1312, 1313 (Del. 1981). Petitioner appealed, and the Delaware Supreme Court affirmed the Superior Court's decision. Id. at 1314.

It appears that Petitioner filed his first § 2254 petition in 1980. See Fatir, 106 F.Supp.2d at 576 n.4. The Honorable Murray M. Schwartz denied the petition, rejecting some claims as unexhausted and others as meritless. See Abubake v. Redman, 521 F. Supp. 963 (D. Del. 1981), vacated by Abubake a/k/a Golson v. Redman, 696 F.2d 980 (3d Cir. 1982). The Third Circuit Court of Appeals vacated that judgment, ruling that the petition was a "mixed petition" requiring dismissal without prejudice under Rose v. Lundy, 455 U.S. 509 (1982). See Fatir, 106 F. Supp. 2d at 577; see also Abubake, 696 F.2d 980. The case was remanded with instructions to dismiss the petition to allow Petitioner to either exhaust unexhausted claims or delete them. (D.I. 1 at 3)

In 1983, Petitioner filed in the Delaware Superior Court a motion for post-conviction relief pursuant to Delaware Superior Court Criminal Rule 61. See Fatir, 106 F. Supp. 2d at 577. The Superior Court denied the motion, and the Delaware Supreme Court affirmed that judgment. Id. Thereafter, Petitioner made several unsuccessful attempts to have his sentence commuted. Id.

In 1997, Petitioner filed a federal habeas petition challenging his 1976 convictions for first degree murder, first degree robbery, conspiracy in the second degree, and possession of a deadly weapon during the commission of a felony. See

*Fatir*, 106 F. Supp. 2d 572. The 1997 petition asserted a total of seven claims, which the Honorable Gregory M. Sleet denied as meritless *Id.* at 578-89

Petitioner filed another habeas petition in September 2008 asserting fourteen claims challenging his 1976 convictions. *See Fatir v. Phelps*, Civ. A. No. 8-567-GMS (D. Del. 2008). Judge Sleet dismissed the petition for lack of jurisdiction because it constituted an unauthorized second or successive habeas petition. *See id.* at D.I. 5. Petitioner appealed, and the Third Circuit terminated the appeal after denying his motion for a certificate of appealabilty. *See id.* at D.I. 9.

Since his 1997 habeas petition, Petitioner has filed numerous motions challenging his sentences in the Delaware state courts. In 2015, he succeeded in getting his thirty-year sentence for PDWCF vacated. *See Fatir v. State*, 123 A.3d 940 (Table), 2015 WL 5168266 (Del. Sept. 2, 2015).

In December 2018, Petitioner filed in his closed 1980 habeas corpus proceeding a Motion for Leave to Re-File Vacated Initial Habeas Corpus Petition or Leave to File Amended Habeas Petition ("Motion"). (D.I. 2) He asserts that he was never notified that the Third Circuit vacated Judge Schwartz's dismissal of his very first habeas petition, or that the petition was thereafter dismissed without prejudice. (D.I. 2 at 1) He contends that he was "therefore effectively prevented from having his initial habeas corpus petition filed and litigated." *Id.* The instant Motion seeks to re-assert the "issues raised in the original petition – not the one scaled down to one issue by petitioner's court-appointed attorney," as well as an additional nineteen claims. (D.I. 2 at 2-3)

## II. LEGAL STANDARDS

The Antiterrorism and Effective Death Penalty Act of 1996 ("AEDPA") "created a statutory 'gatekeeping mechanism' for second or successive habeas petitions." *In re Hoffner*, 870 F.3d 301, 306 (3d Cir. 2017). Pursuant to 28 U.S.C. § 2244(b)(3)(A), a petitioner must seek authorization from the appropriate court of appeals before filing a second or successive habeas petition in a district court. *See Burton v. Stewart*, 549 U.S. 147, 152 (2007); Rule 9, 28 U.S.C. foll. §2254. Notably, a petition for habeas relief is not considered to be "second or successive simply because it follows an earlier federal petition." *Benchoff v. Colleran*, 404 F.3d 812, 817 (3d Cir. 2005). Rather, a habeas petition is classified as second or successive within the meaning of 28 U.S.C. § 2244 if a prior petition has been decided on the merits, the prior and new petitions challenge the same conviction, and the new petition asserts a claim that was, or could have been, raised in a prior habeas petition. *See Benchoff*, 404 F.3d at 817; *In re Olabode*, 325 F.3d 166, 169-73 (3d Cir. 2003). If a habeas petitioner erroneously files a second or successive habeas petition "in a district court without the permission of a court of appeals, the district court's only option is to dismiss the petition or transfer it to the court of appeals pursuant to 28 U.S.C. § 1631." *Robinson v. Johnson*, 313 F.3d 128, 139 (3d Cir. 2002).

## III. DISCUSSION

Petitioner's attempt to circumvent the AEDPA's limitation on second or successive § 2254 petitions by labelling his Motion as a motion to refile and/or amend

4

his previously dismissed 1980 habeas petition is unsuccessful. As aptly stated by the Seventh Circuit,

> [p]risoners cannot avoid the AEDPA's rules by inventive captioning . . . [c]all it a motion for a new trial, arrest of judgment, mandamus, prohibition, coram nobis, coram vobis, audita querela, certiorari, capias, habeas corpus, ejectment, quare impedit, bill of review, writ of error, or an application for a Get–Out–of–Jail Card; the name makes no difference. It is substance that controls.

*Melton v. United States,* 359 F.3d 855, 857 (7th Cir.2004). The instant Motion asserts more than nineteen claims challenging Petitioner's 1976 convictions and sentences, and his 1980 life sentence. These claims either were or could have been asserted in the habeas petition Petitioner filed in 1997 that challenged the same convictions and sentences. Judge Sleet's denial of the 1997 petition constitutes an adjudication on the merits. Therefore, the Court concludes that the instant Motion constitutes a second or successive habeas petition under 28 U.S.C. § 2244.

Petitioner did not obtain the requisite authorization from the Third Circuit Court of Appeals to file this successive habeas request. *See* 28 U.S.C. §§ 2244(b)(3); Rule 9, 28 U.S.C. foll. §2254. As a result, the Court lacks jurisdiction to consider the Motion. *See* Rule 4, 28 U.S.C. foll. § 2254; *Robinson*, 313 F.3d at 139. In addition, the Court concludes that it would not be in the interest of justice to transfer this case to the Third Circuit, because nothing in the Motion comes close to satisfying the substantive requirements for a second or successive petition under 28 U.S.C. § 2244(b)(2). Given all of these circumstances, the Court will dismiss the Motion for lack of jurisdiction.

## IV. CONCLUSION

Having concluded that the instant Motion is actually an unauthorized second or successive request for habeas relief, the Court will summarily dismiss the Motion for lack of jurisdiction. The Court will also decline to issue a certificate of appealability because Petitioner has failed to make a "substantial showing of the denial of a constitutional right." *See* 28 U.S.C. § 2253(c)(2); 3d Cir. L.A.R. 22.2 (2011); *United States v. Eyer*, 113 F.3d 470 (3d Cir. 1997). A separate Order will be entered.

Dated: July 16, 2019

_____
UNITED STATES DISTRICT JUDGE